UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:17-cr-114-CEH-JSS

JOSE WILMER ZAMBRANO
COBENA
_____/

**ORDER**

This matter comes before the Court on Defendant Jose Wilmer Zambrano Cobena's *pro se* "Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), & the First Step Act of 2018" (Doc. 180). Zambrano Cobena requests compassionate release based upon his medical condition, age, family circumstances, conditions of imprisonment, rehabilitation efforts, and potential deportation. *Id.* at 8-9. He also argues that a sentence reduction would not undermine the sentencing factors listed in 18 U.S.C. § 3553(a). *Id.* at 9. The Government filed a response in opposition. Doc. 182. The Court, having considered the motion and being fully advised in the premises, will deny the motion.

**I.  BACKGROUND**

On August 24, 2017, Defendant was sentenced to a term of 168 months' incarceration, to be followed by 5 years of supervised release, upon his guilty plea to conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. Doc. 93. Now 48 years old, he is incarcerated at Fort Dix FCI with an anticipated release date of

February 25, 2028. *See* https://www.bop.gov/inmateloc/ (last accessed October 18, 2023).

Defendant moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A), arguing that he should be released as a result of (1) his high blood pressure that places him at an increased risk of re-contracting COVID-19, (2) his age, (3) the need to provide care for his 75-year-old mother, (4) the conditions of his imprisonment, (5) his rehabilitation and good behavior in prison, (6) his potential deportation and willingness to waive any challenge to it, and (7) his view that a sentence reduction would be consistent with the 18 U.S.C. § 3553(a) sentencing factors. Doc. 180 at 8-9. Defendant states that these reasons, taken together, constitute an extraordinary and compelling reason for a reduction of his sentence. *Id.* at 9.

In response, the Government concedes that Defendant has exhausted his administrative remedies but argues that he has not established that compassionate release is warranted. Doc. 182 at 2. The Government contends that neither Defendant's high blood pressure nor his risk of potential COVID-19 exposure are extraordinary and compelling reasons for release because they do not constitute the type of serious medical condition contemplated by U.S.S.G. § 1B1.13. *Id.* at 2-3. The Government also notes that the need to care for an ill parent is not a circumstance constituting an extraordinary and compelling reason for compassionate release under U.S.S.G. § 1B1.13, cmt. n.1. *Id.* at 4. Finally, the Government argues that the sentencing factors listed in 18 U.S.C. § 3553(a) weigh against a sentence reduction in

2

his sentence because of the severity of Defendant's crime, the harm his conduct posed to the community, and his recidivism. *Id.* at 5.

## II. LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i). Effective December 21, 2018, the First Step Act of 2018 amended section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release. That provision states:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>
>>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>>
>>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which

3

> > the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. . . .

18 U.S.C. § 3582(c)(1) (italics reflecting amendment under First Step Act). Accordingly, a court may reduce a sentence upon motion of a defendant provided that: (1) the inmate has either exhausted his or her administrative appeal rights of the BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement. *See Id.* Courts are to consider the § 3553(a) factors, as applicable, as part of the analysis.[1] *See* §3582(c)(1)(A).

---

[1] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

The defendant generally bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (providing that defendant bears the burden of establishing a reduction of sentence is warranted under § 3582(c) due to a retroactive guideline amendment); *United States v. Heromin*, No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (citing *Hamilton* in the context of a § 3582(c) motion for compassionate release).

### III. DISCUSSION

As a threshold matter, the Court finds that Defendant has adequately exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1). Under that provision, a defendant must exhaust administrative remedies with the Bureau of Prisons prior to filing a motion for compassionate release. "Section 3582(c)(1)(A) unambiguously provides that a defendant may either move for compassionate release after the defendant has fully exhausted administrative remedies *or* 'the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.'" *United States v. Smith*, 482 F. Supp. 3d 1218, 1223 (M.D. Fla. 2020) (emphasis in original) (quoting 18 U.S.C. § 3582(c)(1)(A)). Defendant states that he sent a request to the warden at Fort Dix FCI on February 7, 2023, and waited over 60 days for a response before filing the instant motion. Doc. 180 at 3. The Government concedes that Defendant has exhausted his administrative remedies (Doc. 182 at 2), and the Court agrees with the parties on this point.

Even though Defendant has exhausted his administrative remedies, he must still establish that an extraordinary and compelling reason exists to warrant compassionate

release. Under *United States v. Hamilton*, a defendant has the burden of establishing that a sentence reduction is warranted. 715 F.3d at 337. Defendant fails to do so. Specifically, under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, a defendant must show either (1) that he is 70 years old and has served at least 30 years of incarceration and meets other enumerated criteria; or (2) that he has an extraordinary and compelling reason for compassionate release. The Eleventh Circuit has held that extraordinary and compelling reasons that permit the grant of compassionate release are exclusively defined by the policy statement of the Sentencing Commission contained in U.S.S.G. § 1B1.13, cmt. n.1. *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021). Such reasons are the defendant's medical condition, his age, his family circumstances, or another reason that is determined by the Director of the Bureau of Prisons. U.S.S.G. § 1B1.13, cmt. n.1. This list of reasons is exhaustive. *Bryant*, 996 F.3d at 1265-66.

Here, Defendant is 48 years old and was not incarcerated until 2017. Thus, he does not qualify for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(ii) and must instead demonstrate an extraordinary and compelling reason to satisfy section 3582(c)(1)(A)(i).

    A.    *Medical Condition*

Under the policy statement of U.S.S.G. § 1B1.13, cmt. n.1(A), an incarcerated individual's medical condition may provide an extraordinary and compelling reason to support a reduction in sentence when he is: (1) suffering from a terminal illness, i.e., a serious and advanced illness with an end of life trajectory; or (2) suffering from a

serious physical or medical condition that substantially diminishes his ability to care for himself within the prison environment and from which he is not expected to recover. U.S.S.G. § 1B1.13, cmt. n.1(A).  Defendant claims that he is suffering from high blood pressure and is therefore at a greater risk of contracting COVID-19.  Doc. 180 at 10.  He notes that he previously contracted COVID-19 while in custody and has been fully vaccinated for the virus. *Id.* at 10-11.  As the Government points out, Defendant did not provide any documentation of his medical conditions. *See Heromin*, 2019 WL 2411311 at *2 (denying motion for compassionate release due to lack of corroboration from medical provider). In any event, courts have found hypertension, by itself, is insufficient to justify compassionate release. *See, e.g.*, *United States v. Jones*, No. 3:17-cr-220-MMH-JBT, 2020 WL 7229751, at *1 (M.D. Fla. Dec. 8, 2020) (noting that high blood pressure is not an extraordinary condition).  Defendant's argument that his health condition warrants compassionate release is further undercut by his status as being fully vaccinated against COVID-19. *United States v. Loute*, No. 2:15-cr-99-SPC-MRM, 2021 WL 1946701, at *2 (M.D. Fla. May 14, 2021) (noting that "[b]eing fully vaccinated means Defendant has a very low risk of developing COVID-19 that will result in death or serious illness").

Moreover, the Eleventh Circuit has held that the COVID-19 pandemic does not permit a district court to deviate from the policy statement's requirements even where an incarcerated individual's medical conditions put him at particular risk of serious consequences from contracting COVID-19. *See United States v. Giron*, 15 F.4th 1343, 1346-47 (11th Cir. 2021) (the confluence of defendant's medical conditions and the

COVID-19 pandemic did not create an extraordinary and compelling reason for compassionate release); *see also, e.g.*, *United States v. Willhite*, No. 21-10441, 2022 WL 424817, *1-2 (11th Cir. Feb. 11, 2022) (same); *United States v. Pearson*, No. 21-10750, 2021 WL 4987940, *1-2 (11th Cir. Oct. 27, 2021) (same). Accordingly, Defendant also cannot meet his burden of establishing an extraordinary and compelling reason through the combination of his high blood pressure and the COVID-19 pandemic.

In all, the evidence does not demonstrate that his conditions rise to the severe level contemplated by the policy statement. His medical conditions therefore do not constitute an extraordinary and compelling reason for compassionate release.

 B. *Family Circumstances*

As discussed in U.S.S.G. § 1B1.13, cmt. n.1(C), "family circumstances" constituting an extraordinary and compelling reason refers to "(i) [t]he death or incapacitation of the caregiver of the defendant's minor child or minor children [or] (ii) [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13, cmt. n.1(C). Such circumstances do not exist here. Defendant fails to show how the need to care for his mother qualifies as an extraordinary and compelling reason under this provision, and there is no record evidence to demonstrate why this provision should be extended to his situation.

 C. *Age*

According to the Sentencing Commission's policy statement on compassionate release, the "Age of the Defendant" qualifies as an extraordinary and compelling

reason to support a sentence reduction if the defendant: (1) "is at least 65 years old;" (2) "is experiencing a serious deterioration in physical or mental health because of the aging process;" and (3) "has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. § 1B1.13, cmt. n.1(B). Defendant is currently 48 years old and therefore his age does not qualify as an extraordinary and compelling reason for release under U.S.S.G. § 1B1.13, cmt. n.1(B).

    D.    *Other Reasons*

The fourth type of extraordinary and compelling reason listed in the policy statement, often described as a "catch-all" provision, provides that, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13, cmt. n.1(D). The Eleventh Circuit has held that this provision must be interpreted literally. *Bryant*, 996 F.3d at 1243. Therefore, an identified reason requires approval from the Director of the Bureau of Prisons before it can be considered extraordinary and compelling. *Id.*; *Giron*, 15 F.4th at 1350 ("district courts are bound by U.S.S.G. § 1B1.13 when granting compassionate release and . . . only the Bureau of Prisons can expand the extraordinary and compelling reasons under the catch-all provision").

Here, Defendant cites as additional rationale for a sentence reduction "the harsh conditions he is presently incarcerated under and has had to endure for the last several years," "his rehabilitation efforts and accomplishments," "the fact that he will be deported and is willing to waive the right to challenge any removal proceedings," and

9

"that a sentence reduction would not be inconsistent with the §3553(a) factors." Doc. 180 at 9.

### 1. Conditions of imprisonment

Defendant argues that the Court should consider in deciding this motion how he has been negatively affected by COVID-19-induced changes in prison conditions, including the use of quarantines and a reduction in the availability of rehabilitation programming. *Id.* at 14. While the Court acknowledges that the Bureau of Prisons has taken special measures to ensure the wellbeing of inmates considering COVID-19, Defendant has not established the applicability of the policy statement's catch-all provision, because he has not demonstrated that the Bureau of Prisons has approved his identified reason as extraordinary and compelling. *See United States v. Camilo Santos*, No. 0:19-cr-60282-BB, 2021 WL 3726897, at *6 (S.D. Fla. Aug. 20, 2021) (COVID-19 lockdowns and unavailability of prison programming are not circumstances applicable to the policy statement).

### 2. Rehabilitation

In further support of his motion, Defendant mentions his "rehabilitation efforts and accomplishments," specifying that he has not received any disciplinary infractions and has completed numerous courses while incarcerated. Doc. 180 at 9, 18. While the Court commends Defendant for his disciplinary record and participation in prison programming, the policy statement does not permit the Court to grant compassionate release based upon a defendant's rehabilitation or any other reason not listed in the statement. U.S.S.G. § 1B1.13, cmt. n.1; *see Bryant*, 996 F.3d at 1265; *see also* 28 U.S.C.

§ 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").

### 3. Deportation

Defendant also asks the Court to consider that he has an immigration detainer lodged against him and may be deported in the future. Doc. 180 at 15. He states that he is willing to "stipulate to an Order of removal and waive his right to resist deportation." *Id.* However, Defendant has failed to demonstrate that his status as an Ecuadorian citizen subject to an immigration detainer and possible deportation constitutes an extraordinary and compelling reason for release under the policy statement. *See United States v. Castillo-Romero*, No. 8:09-cr-00571-TPB-JSS, 2020 WL 6203531, at *1 (M.D. Fla. Oct. 22, 2020) (noting that "the fact that [defendant] will ultimately be deported is not a ground for relief").

### 4. 18 U.S.C. § 3553(a) sentencing factors

In his motion, Defendant seeks to establish a favorable analysis under 18 U.S.C. § 3553(a) as an extraordinary and compelling reason for release. Doc. 180 at 8–9. However, a sentence reduction's consistency with the 18 U.S.C. § 3553(a) factors does not constitute an extraordinary and compelling reason under U.S.S.G. § 1B1.13; rather, an examination of these factors is a separate component of the Court's analysis under 18 U.S.C. § 3582(c)(1)(A).

### 5. Confluence of factors

Defendant asks the Court to consider his medical condition, family circumstances, age, and other reasons in tandem as an extraordinary and compelling

11

reason warranting a reduction in sentence. *Id.* at 9. However, under *Bryant*, it is not within the Court's discretion to establish additional extraordinary and compelling reasons under the catch-all "other" reasons category. 996 F.3d 1243 at 1263–65 (holding that the language "[a]s determined by the Director of Bureau of Prisons" contained within the catch-all provision precludes district courts from finding extraordinary and compelling reasons beyond those specified in U.S.S.G. § 1B1.13). Therefore, the Court finds that the confluence of the factors articulated by Defendant in his motion do not constitute an extraordinary and compelling reason to reduce his sentence.

## IV.  CONCLUSION

For the reasons discussed above, the Court finds that Defendant has not made a substantial showing of a medical condition, family circumstance, age, or a specific reason identified by the Bureau of Prisons pursuant to the policy statement to warrant a reduction in his sentence. U.S.S.G. § 1B1.13, cmt. n.1. Therefore, this Court cannot find that he has established an extraordinary and compelling reason warranting his release.

Because the Court has determined that Defendant has failed to establish extraordinary or compelling reasons to support compassionate release, it need not analyze the factors listed in 18 U.S.C. § 3553(a). *Giron*, 15 F.4th at 1347. Even if Defendant could demonstrate the existence of an extraordinary and compelling reason warranting release, however, the Court would still deny Defendant's motion as the Court cannot say he would not be a danger to the community. As noted in the

Government's response, Defendant had a previous federal conviction for the same exact offense of trafficking in large amounts of cocaine, and yet, after release from custody for that offense, he was charged again within three years for the same criminal conduct. While Defendant argues that changed circumstances justify a different outcome under the sentencing factors, consideration of the seriousness of his offense, the harm his conduct posed to the community, and his previous cocaine trafficking conviction would lead this Court to hold that a sentence reduction would be inconsistent with the 18 U.S.C. § 3553(a) factors. Accordingly, it is

**ORDERED:**

1.  Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. §3582(c)(1)(A)(i), & the First Step Act of 2018 (Doc. 180) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on October 30, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of record
Jose Wilmer Zambrano Cobena, *pro se*